IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LAUREN GRAHAM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-5037-L** |
| | § | |
| **HOWARD TYGRETT,** Individually and in his Official Capacity, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Tygrett's Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6), filed January 7, 2013. No response to the motion was filed. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Defendant Tygrett's Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6).

### I.   Factual and Procedural Background

Christopher Lauren Graham ("Plaintiff" or "Mr. Graham") filed this action on December 9, 2012, against Howard Tygrett ("Defendant" or "Judge Tygrett"), the current judge of the 86th Judicial District Court, Kaufman County, Texas, pursuant to 42 U.S.C. § 1983. Mr. Graham filed an Original Complaint and Application for TRO, Preliminary Injunction, and Permanent Injunction. The court denied without prejudice Plaintiff's Application for Temporary Restraining Order on December 11, 2012, because the facts set forth by Plaintiff were insufficient to warrant the relief sought by him.

On December 13, 2012, Mr. Graham filed his First Amended Complaint and Application for TRO, Preliminary Injunction and Permanent Injunction (the "Complaint"). Plaintiff again

requested the court to issue an order granting a temporary restraining order *ex parte* based on his amended pleadings. Again, the court denied the requested relief because it determined that Plaintiff had not met the requirements to show that he was entitled to an *ex parte* temporary restraining order.

After being served, Defendant filed a motion to dismiss. The court now turns to the allegations of Plaintiff's Complaint. The court assumes that Plaintiff makes his section 1983 claims pursuant to the Fourteenth Amendment to the United States Constitution. The operative facts on which Mr. Graham bases his claims are set forth in his Complaint:

> 4.  On or around August 2011, I submitted an application to receive felony court appointments in Kaufman County. Around September 2011, I was approved to receive third degree felony court appointments; I began receiving court appointed cases around this same time.
>
> 5.  On or around March 9, 2012, I submitted an application personally to Judge Howard Tygrett and Judge B. Michael Chitty requesting placement on the first degree felony criminal appointment list. The renewed application showed that I had met all of the objective requirements for addition to the first degree felony appointment list.
>
> 6.  A week later, I made contact with Judge Tygrett and Judge Chitty to determine the status of the application to receive first degree felony court appointments. Tygrett told me that the application had to be submitted to Kim Kozelski, head of the indigent defense department in Kaufman County, who would then forward the application to him and Judge Chitty for review. The application to be added to the court appointment list was faxed to Kozelski shortly thereafter.
>
> 7.  I followed up on the application status again and spoke to Chitty and Tygrett to ascertain whether my application had been approved. Respondents indicated that additional requirements beyond those stated in the district court plan would be necessary before approving the application. Specifically, Judge Chitty and Judge Tygrett stated that I had to conduct trials in their courts first; even though having trials before Judges Chitty and Tygrett is not one of the objective requirements to being added to the first degree felony appointment lists in Kaufman County.

**Memorandum Opinion and Order – Page 2**

8. On or around April 24, 2012, I received a letter from the indigent defense department indicating that my application to receive first degree felony appointments had been denied. Not only was my request for inclusion in the first degree felony application list denied, but I was also demoted from the third degree felony appointment list to the misdemeanor appointment list.

9. Judge Tygrett refused to conduct a hearing[;] he indicated no reason for the demotion to the misdemeanor list[,] nor did he indicate reasons for my application's denial.

10. Several days later, after complaining to Kozelski and Tygrett about being demoted without justification, I was reinstated to my original status of being able to receive third degree felony court appointments.

11. During the period of being included on the third degree felony court appointment list, I never received any complaints or any notices of defective performance when it came to handling court appointed criminal cases.

12. Before insisting on being placed on the first degree felony list, I customarily received 3-7 appointed felony cases on a monthly basis. Now subsequent to my request to be elevated on the court appointment list, appointments have ceased. Respondents are not using a random system to make appointments as required by the Texas Code of Criminal procedure. Judges Tygrett and Chitty are determining who gets elevated and the number of court appointments received in a racist and discriminatory fashion.

13. Several days prior to the filing of this suit, I was in the office of Annette Larsen, the new coordinator for indigent defense and general administrative functionary for Judge Tygrett. During the course of conversation, she indicated that I was being removed from all court appointment lists by Judge Tygrett. No explanation for the removal was provided, no information about the accusations was provided, nor was I notified about the removal. I happened to find out about the removal adventitiously. Essentially, Tygrett removed me from the wheel because he thought he could do so with impunity. <u>This matter is urgent and a TRO is immediately necessary, since shortly prior to filing this suit, Defendant is in the process of removing me from the appointment list for all cases in Kaufman [C]ounty, felonies and misdemeanors.</u> These actions will cause immediate and irreparable financial and reputational damage since the reputation and the goodwill of my business in the community will be impacted by not being placed on the court appointment wheel. The value

**Memorandum Opinion and Order – Page 3**

>    of my business and the reason why clients come[] to me for legal services is because they know that I am able to take court appointed cases in the community.
>
> 14.  Judge Tygrett has and does continue to operate the court appointment lists in a racist fashion and I am being discriminated against as the only black attorney in Kaufman who was on the court appointment list. I have handled numerous felony cases in Kaufman County[,] and I have yet to see another black attorney on the court appointment list.

Pl.'s First Am. Compl. 2-4, ¶¶ 4-14. Based on these allegations, Plaintiff contends that Judge Tygrett deprived him "of a property right of being included in the first degree felony appointment list without [providing him] due process [of law]." *Id.* ¶ 15. He also contends that he was denied his substantive due process rights when he was "removed from the third degree felony appointment list due to the arbitrary and discriminatory actions of Judge Tygrett." *Id.* Further, Mr. Graham contends that Judge Tygrett's action proximately caused him to suffer financial injury and injury to the good will of his business. *Id.* Plaintiff seeks compensatory and punitive damages, injunctive relief, and attorney's fees and costs.

Judge Tygrett counters that he is entitled to judicial immunity, that Plaintiff has stated no due process violation for a liberty or property interest pursuant to the Fourteenth Amendment under the facts set forth in his Complaint. Judge Tygrett also contends that the suit is barred by the *Rooker-Feldman* doctrine. Because the court determines that the defense of judicial immunity is dispositive of this action, it finds that a discussion of the other arguments and defenses raised by Judge Tygrett is unnecessary.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

Although Defendant filed his motion pursuant to Rule 12(b)(1) and Rule 12(b)(6), he only discusses his motion in the context of Rule 12(b)(6). Accordingly, the court finds it only necessary to set forth the standard applicable to Rule 12(b)(6).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the

**Memorandum Opinion and Order – Page 6**

allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Discussion

#### A. Judicial Immunity

Under the doctrine of judicial immunity, a judge is entitled to absolute immunity from monetary damages for his or her judicial or adjudicatory acts. *Forrester v. White*, 484 U.S. 219, 225-27 (1988); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Pierson v. Ray*, 386 U.S. at 554). Further, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). A judge is not entitled to judicial immunity *only* when (1) the action is "not taken in the judge's judicial capacity," or (2) the action is "taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12. In deciding whether a judge is entitled to judicial immunity a court relies on following four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citation omitted). These factors are broadly construed in favor of judicial immunity. *Id*. State law applies the same test for judicial immunity. *See Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App. — El Paso 2000, pet. denied).

Mr. Graham is suing Judge Tygrett for actions taken in conjunction with the appointment or removal of counsel to a rotating list of attorneys for the representation of indigent criminal defendants in Kaufman County. The statute that sets up the procedure and requirements for appointment of counsel is set forth in the Texas Code of Criminal Procedure, art. 26.04 (West Supp. 2012). The relief Plaintiff seeks is foreclosed by the decision in *Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009), which involves the same issue presented in this case. In *Davis*, after a thorough discussion of both sides of the issue as to whether the appointment of counsel was a judicial or an administrative act, the court concluded:

> [W]e believe that the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act, and therefore that the judges' acts at issue in this suit must be considered to be protected by judicial immunity.

*Id*. at 226. Further, whether it is the appointment to a list of attorneys to represent indigent criminal defendants, or the removal of an attorney from the list, the judge's action in doing so is a judicial act. *Id.* at 224 (citation omitted). Accordingly, Judge Tygrett is entitled to judicial immunity.

### B. Injunctive Relief

Plaintiff has requested a temporary restraining order, which has been denied twice, and a preliminary and permanent injunction. There are four prerequisites for the extraordinary relief of

**Memorandum Opinion and Order – Page 8**

a preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction. The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success of the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

In light of the court's ruling that Judge Tygrett is entitled to absolute immunity, it is impossible for Mr. Graham to show a substantial likelihood of success, or actual success, on the merits. Accordingly, Plaintiff is not entitled to any kind of injunctive or equitable relief.

### C.   County Liability

Plaintiff did not include Kaufman County as a defendant in the caption; however, he makes a conclusory allegation regarding the liability of Kaufman County when he alleges, "Kaufman County is also liable since the actions of Tygrett constitute the policy of Kaufman

**Memorandum Opinion and Order – Page 9**

County to violate individual constitutional rights." Pl.'s First Am. Compl. ¶ 15. It is well-established that section 1983 liability against a county can lie "only for acts that are directly attributable to it though some official action or imprimatur." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (citation and quotation marks omitted). The court has already held that Judge Tygrett's actions were taken in his judicial capacity as a judge. "A local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (citations omitted); *Clanton v. Harris County*, 893 F.2d 757, 758 (5th Cir. 1990) ("Texas district judges act for the state in appointing counsel for indigent criminal defendants, and the county is not responsible under § 1983 for their actions in this regard."); and *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989) ("A county can exercise no authority over state court judges, as the latter are not county officials."). Thus, it is clear that Kaufman County can incur no section 1983 liability as a result of any acts taken by Judge Tygrett.

### D. Amendment of Pleadings

In response to Defendant Tygrett's Motion to Dismiss, Mr. Graham did not request to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant,

**Memorandum Opinion and Order – Page 10**

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Because Judge Tygrett is entitled to absolute immunity as a matter of law for his actions regarding Plaintiff's appointment to represent, or removal from representing, indigent criminal defendants, Plaintiff cannot amend in such a way to state a claim upon which relief can be granted against Judge Tygrett. Any attempt at amendment would be futile, and the court will not permit further amendment of Plaintiff's pleadings.

## IV.  Conclusion

For the reasons herein stated, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's claims against Judge Tygrett in his individual capacity are barred by the doctrine of judicial immunity. Mr. Graham's claims against Judge Tygrett in his official capacity are barred by the Eleventh Amendment to the United States Constitution. *Davis*, 565 F.3d at 228 (citations omitted). Accordingly, the court **grants** Defendant Tygrett's Motion to Dismiss under Federal Rule 12(b)(1) and 12(b)(6) and **dismisses** this action **with prejudice**. As required by Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**It is so ordered** this 30th day of April, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge